**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO.: 3:09-CR-00002-TBR**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**v.**

**ADRIAN HAMILTON**
**EARL WILSON**                                                            **DEFENDANTS**

**CASE NO.: 3:09-CR-00061-TBR**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**v.**

**DECORICK CURRY**                                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Adrian Hamilton's Motion to Suppress Any and All Physical and Testimonial Evidence Obtained as a Result of a Claim of an Illegal Search and Seizure (Docket #48). The United States has filed a response (Docket #52). The Defendant has filed no reply. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Suppress is DENIED.

Also before the Court is Plaintiff, United States', Motion for Extension of Time to File Response/Reply as to Motion to Suppress and Motion for Disclosure of Confidential Informant (Docket # 51; Docket #18). The Defendants filed no response. This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion for Extension of Time is GRANTED.

Also before the Court is Defendant, Earl Wilson's, Motion to Adopt Co-Defendant's Motions (Docket #50). The Plaintiff has filed no response. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Adopt Co-Defendant's Motions is GRANTED.

**BACKGROUND**

On September 20, 2007, Louisville Metro Police Department ("LMPD") Detective William M. Bower presented an Affidavit for Search Warrant to a Jefferson County District Court Judge. The Affidavit requested a Search Warrant for a residence located at 601 South 10th Street, in Louisville, Kentucky, as well as a silver Ford Taurus bearing license plate number 825-EER. The residence at 601 South 10th Street was leased by Paula Burr. The Affidavit also requested a Search Warrant for two individuals: a black male named Adrian Lee Hamilton a/k/a "Lucky" and a black male nicknamed "Pee Wee." The Affidavit included personal information for Hamilton, including his date of birth and social security number, while only providing a physical description of "Pee Wee."

The Affidavit requested permission to search for "[c]rack cocain and any other illegal controlled substance pursuant to KRS 218A. Anything used to cut, weigh, measure, use, ingest, conceal, protect, transport, or transfer such substances. Any other paraphernalia, money, weapons, property, or records related to or derived from the sale of such substances." In support of this request, Detective Bower stated in the Affidavit he had been an officer with LMPD for seven years and that he had information from a reliable confidential informant. The Affidavit states that on September 20, 2007, at approximately 4:00pm "affiant received information from/observed: A reliable confidential informant pursuant to Kentucky Rules of Evidence #508, who is knowledgeable in the ways in which drugs are packaged, sold, and has proven his/her reliability in the past. The C.I. states that he/she knows a B/M named Lucky (Adrian Hamilton) and a B/M nicknamed Pee Wee who are selling crack cocaine from 601 So. 10th St. The C.I. has been present in the past 48 hrs and observed a large quantity of crack cocaine and the sale of that substance from 601 So. 10th St."

Detective Bower goes on in the Affidavit to indicate additional investigative steps taken by

2

law enforcement. The Affidavit states that a controlled buy and surveillance were conducted at this location. The detectives identified a 1998 silver Ford Taurus bearing license plate 825-EER as a vehicle driven and owned by Hamilton. Detective Bower also noted that he checked court records and learned that Hamilton had pled guilty to trafficking in a controlled substance (cocaine); pled guilty to possession of marijuana; pled guilty to enhanced trafficking in a controlled substance (cocaine); and pled guilty to two counts of trafficking in a controlled substance (cocaine). Additionally, Detective Bower learned that Hamilton was on parole until 2013 and was currently unsupervised. Based upon this information, the Jefferson County District Judge issued a Search Warrant.

On the same day, September 20, 2007, the warrant was executed by LMPD officers. At the time the officers executed the warrant, Hamilton and Wilson were in the residence to be searched. Law enforcement officials seized 191 grams of cocaine base (commonly referred to as "crack" cocaine), 312 grams of cocaine, 197 grams of marijuana, scales, baggies, drug ledgers, cutting agent (baking soda), and ammunition, as well as other things. Hamilton and Wilson were both arrested and neither gave any statement to law enforcement officials. Later Decorick Curry a/k/a "Pee Wee" was arrested.

On January 5, 2009, a federal grand jury sitting in Louisville returned a four-count indictment against Hamilton, Curry and Wilson. Count 1 charged all three defendants with aiding and abetting one another and others in the knowing and intentional possession with intent to distribute fifty grams or more of a mixture and substance containing cocaine base, commonly known as "crack" cocaine, a Schedule II controlled substance as defined by 21 U.S.C. §812, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A) as well as 18 U.S.C. §2. Count 2 charged all three

defendants with aiding and abetting one another and others in the knowing and intentional possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance as defined by 21 U.S.C. §812, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A) as well as 18 U.S.C. §2. Count 3 charged all three defendants with aiding and abetting one another and others in the knowing and intentional possession with intent to distribute marijuana, a Schedule I controlled substance as defined by 21 U.S.C. §812, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A) as well as 18 U.S.C. §2. Count 4 set forth general forfeiture allegations.

Defendant Adrian Hamilton and Defendant Earl Wilson, by adoption, move this Court to suppress all physical and testimonial evidence obtained as the result of the Search Warrant issued and executed on September 20, 2007.

## DISCUSSION

Hamilton asserts that the search pursuant to the search warrant issued on September 20, 2007, concerning the residence at 601 South 10th Street, in Louisville, Kentucky, and the silver Ford Taurus was an illegal search and seizure. Hamilton argues that the search was unlawful as the evidence provided in the affidavit for the search warrant is not sufficient to support probable cause for a search warrant. Hamilton reasons there are no supporting facts for the conclusion that informant was reliable in past and states that Hamilton did not reside at the residence nor was his name on the lease of the residence. Hamilton also argues that the search warrant was over broad violating the particularity requirement of the Fourth Amendment. Wilson moves to adopt all of Hamilton's arguments. The United States asserts in its response that Hamilton and Wilson lack standing to challenge the search warrant.

It is well established law that in order to have standing to challenge a search warrant under the Fourth Amendment,

> a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; i.e., one that has 'a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'

*Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (citations omitted). An individual who is harmed by an illegal search and seizure only by damaging evidence that was obtained by a search of a third person's property has not has any of his Fourth Amendment rights violated. *Rakas v. Illinois*, 439 U.S. 128, 134 (1978). Additionally, only those defendants whose Fourth Amendment rights have been violated are afforded the benefit of the exclusionary rule. *Id.* In other words, the protections and rights guaranteed by the Fourth Amendment are personal, therefore "only individuals who actual enjoy the reasonable expectation of privacy have standing to challenge the validity of a government search." *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000).

As stated by the Sixth Circuit in *United States v. Harris*, while "an overnight guest may possess a legitimate expectation of privacy in a residence being searched, a temporary visitor to a residence may claim no such protection." 255 F.3d 288, 294-95 (6th Cir. 2001). Where there is no objective expectation of privacy, an individuals subjective expectation is irrelevant. *U.S. v. Cope*, 87 Fed. Appx. 451, 455 (6th Cir. 2003) (not published) (citing *United States v. McIver*, 185 F.3d 1119 (9th Cir. 1999), *cert. denied*, 528 U.S. 1177 (2000)).

There has been no evidence presented by the Defendants in this case that they had a legitimate expectation of privacy in the premises leased by Burr. The Defendants had no reasonable expectation of privacy based on property interest. Without an objective expectation of privacy,

whether or not Hamilton or Wilson had a subjective expectation of privacy is irrelevant. The Court finds Hamilton and Wilson lack standing to challenge the legality of the search conducted pursuant to the search warrant issued on September 20, 2007. Accordingly, the Defendants' Motion to Suppress is denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED the Plaintiff's Motion for Extension of Time is GRANTED; Defendant Wilson's Motion to Adopt Co-Defendant's Motions is GRANTED; and the Defendants' Motion to Suppress is DENIED.